UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ALEXANDRA NADEAU,                    :
        Plaintiff,                   :
              vs.                    :         No.  3:14-cv-1634(WIG)
CAROLYN COLVIN,                      :
Acting Commissioner of
Social Security,                     :
        Defendant.                   :
-------------------------------------X
```

**RECOMMENDED RULING ON PENDING MOTIONS**

Plaintiff has filed this appeal of the adverse decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). She now moves, pursuant to 42 U.S.C. § 405(g), for an order reversing this decision and entering judgment in her favor. [Doc. # 14]. The Commissioner, in response, has filed a motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand of the cause to the Commissioner for additional administrative proceedings. [Doc # 18]. Plaintiff has objected in part to the Commissioner's motion; Plaintiff argues that the matter should be remanded solely for the calculation of benefits rather than for additional proceedings.

**Administrative Proceedings**

Plaintiff filed for DIB and SSI on August 2, 2011, alleging a disability onset date of September 11, 2010. Her claims were denied initially and upon reconsideration. Plaintiff then filed a request for hearing; a hearing was held before administrative law judge Matthew Kuperstein (the "ALJ") on January 11, 2013. The ALJ applied the established five-step, sequential evaluation test for determining whether a claimant is disabled, and, on March 25,

1

2013, issued a decision finding that Plaintiff was not disabled because she was able to perform her past work as a bookkeeper. (R. 35).

On April 8, 2013, Plaintiff filed a Request for Review to the Appeals Council; the Appeals Council granted review. On September 9, 2014, the Appeals Council issued a decision finding that Plaintiff was not disabled. (R. 7). In this decision, it agreed with the ALJ's findings at steps one, two, and three of the sequential evaluation process. (R. 4). It also agreed with the ALJ's assessed residual functional capacity as to Plaintiff's exertional limitations, but disagreed with the ALJ's finding that Plaintiff's mental impairments, absent substance abuse, would impose no functional limitations. Accordingly, the Appeals Council added additional restrictions: Plaintiff was limited to only simple work with no public contact, and to only occasional contact with supervisors and co-workers. (R. 4-5). In light of these additions, the Appeals Council found that Plaintiff was not capable of performing her past work. (R. 5).

The Appeals Council then proceeded to the final step of the sequential evaluation process. At this step, the Commissioner has the burden of proving that other jobs exist in significant numbers in the national economy that the claimant can perform, given her age, education, and work experience. 20 C.F.R. §§ 404.1569, 416.969. Here, the Appeals Council relied on the testimony given by a vocational expert ("VE") at the hearing before the ALJ to conclude that Plaintiff could perform the work of a polisher, and that there were a significant number of jobs existing in the national economy that Plaintiff could perform. (R. 6). Thus, the Appeals Council's decision that Plaintiff was not disabled became the Commissioner's final decision. This appeal ensued.

**Discussion**

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the matter for further administrative proceedings. *See Shalala v. Schaefer,* 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991).[1] "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," the matter can be remanded to the Commissioner "for further development of the evidence." *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980). When, however, the Court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," a remand for a calculation of benefits is appropriate. *Rosa v. Callahan,* 168 F.3d 72, 83 (2d Cir. 1999). In sum, when there is "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," remand for calculation of benefits is the proper course. *See Parker* at 235.

Here, the parties do not dispute that the Appeals Council's step five finding was in error. The VE testified, upon cross examination, that for the specific polisher job, there were only 1,500 polisher positions nationwide, and only 26 in the state of Connecticut. The Commissioner concedes that these numbers are insufficient to meet her burden at step five, and that the Appeals Council erred in relying on the VE's testimony in that regard. The Commissioner further

---

[1] In her Rely objecting in part to Defendant's motion for remand, Plaintiff urges the Court to apply a good cause standard. In cases seeking review of final agency decisions on Social Security benefits, the exclusive methods by which a district court may remand a case to the Commissioner are set forth in sentence four and sentence six of section 42 U.S.C. § 405(g). *See Shalala*, 509 U.S. at 296. Sentence four provides that the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. Under sentence six, a remand may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. *See* 42 U.S.C. § 405(g) (sentence six); *Melkonyan*, 501 U.S. at 99-100, and n. 2. In this case, the remand being sought is pursuant to sentence four, and so the good cause standard set forth in sentence six is not applicable.

concedes that the Appeals Council did not provide evidence of any other jobs Plaintiff could perform. Accordingly, it is beyond dispute that the Commissioner has not met her step five burden.

The Commissioner argues that the VE's testimony does not definitively prove that there are no other jobs Plaintiff could perform, and so the matter should be remanded for further proceedings so that a VE can be called upon to opine as to this issue. The evidence in the current record, in the Commissioner's view, does not provide proof that Plaintiff is disabled, so it would be improper to remand solely for calculation of benefits. Plaintiff, on the other hand, contends that because the Commissioner knowingly declined to obtain evidence needed to meet her step five burden, and Plaintiff has met her burden at the first four steps, the matter should be remanded solely for a calculation of benefits.

When there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," courts should remand for a calculation of benefits. *Rosa,* 168 F.3d at 83. Here, significantly, the case proceeded through all five steps of the sequential evaluation process. Plaintiff carried her burden at step four of showing that she could not perform her past relevant work, thus meeting her burden of proving disability. "At step five, *the disability has been shown*, and 'the burden ... shifts to the [Commissioner] to prove ... that the claimant is capable of working.'" *Butts v. Barnhart,* 416 F.3d 101, 103 (2d Cir. 2005) (emphasis added) (quoting *Perez v. Chater,* 77 F.3d 41, 46 (2d Cir. 1996)). The VE testimony on which the Appeals Council relied was not sufficient to meet this burden. That it was insufficient, though, does not mean that further evidentiary proceedings are necessary. The evidence presented simply does not show that there are jobs in significant numbers that Plaintiff can perform. The VE testified that there were approximately 3,000 types of sedentary jobs he would have to review to

determine if they met the hypothetical claimant, and then he would have to add up the total number of positions in order to accurately determine the number of jobs available.  (R. 100-109).  At this point, the ALJ ended his questioning and subsequently decided the case at step four.  (R. 109).  There was no indication that, if the VE did complete this arduous task, he would be able to find enough jobs for the Commissioner to meet her step five burden.  Further, the Appeals Council had the opportunity to obtain additional vocational evidence, but declined to do so, instead holding that the evidence as presented was sufficient to meet the step five burden.  In all, the record displays that there are no jobs existing in significant numbers in the national economy that Plaintiff can perform.  In such a case, the Second Circuit has held that it is appropriate for a reviewing court to remand the case solely for a calculation of benefits.  *See Butts,* 416 F.3d at 103-04.

The Court also notes that the Commissioner "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted).  The Commissioner has already had two opportunities to meet her step five burden, and does not explain how a third opportunity would result in a different outcome.  *See Maher v. Bowen*, 648 F. Supp. 1199, 1203 (S.D.N.Y. 1986).  In addition, "remands in cases such as this one are worse than purposeless.  They are expensive.  Plaintiff … has already demonstrated entitlement to benefits. Quite apart from the administrative expenses that another remand would entail, each day of delay exacts a cost from a demonstratedly deserving claimant." *Id.*  Because Plaintiff has met her burden at steps one through four, and because no purpose would be served by rehearing, the matter should be remanded solely for calculation of benefits.

**Conclusion**

For the reasons discussed above, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings [Doc. # 14] be granted in part, and Defendant's Motion for Entry of Judgment under Sentence Four with Reversal and Remand [Doc. # 18] be denied in part. The case should be remanded to the Commissioner for calculation of benefits.

This is a Recommended Ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objection to this Recommended Ruling must be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2). In accordance with the Standing Order of Referral for Appeals of Social Security Administration Decisions dated September 30, 2011, the Clerk is directed to transfer this case to a District Judge for review of the Recommended Ruling and any objections thereto, and acceptance, rejection, or modification of the Recommended Ruling in whole or in part. *See* Fed. R. Civ. P. 72(b)(3) and D. Conn. Local Rule 72.1(C)(1) for Magistrate Judges.

SO ORDERED, this  5th  day of October, 2015, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge